# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWLAWN BECKFORD,<br><br>Plaintiff,<br><br>v.<br><br>MARK T. ESPER,<br><br>Defendant. | Civil Action No. 18-940 (JEB) |

## MEMORANDUM OPINION

Plaintiff Shawlawn Beckford served as an Army employee in South Korea from 2009 to 2015. Believing that she had been discriminated and retaliated against on the basis of her race and sex during her tenure, Plaintiff brought the current action under Title VII of the Civil Rights Act of 1964. Defendant Mark T. Esper, Secretary of the Army, now moves to dismiss or, in the alternative, transfer the case to the Eastern District of Virginia. As Defendant is correct — and Plaintiff now concedes — that venue in this district is improper, the Court will grant the Motion and transfer the matter across the Potomac River.

## I.    Background

Beckford is a black woman who worked as an Army employee at Brian Allgood Army Community Hospital (BAACH) on the United States Army installation in Seoul, South Korea. She served as a civilian hospital administrator at BAACH from January 2009 through November 2015. Beckford alleges that she was subjected to a hostile work environment based on her race and sex and retaliated against when she complained. See ECF No. 1 (Compl.), ¶¶ 72–87. She filed her Complaint in this suit on April 20, 2018. She alleged that venue was proper here

1

because the Department of the Army has "its principal offices located in the District of Columbia." Id., ¶ 8. Esper has now filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) or, in the alternative, a Motion to Transfer to the proper venue pursuant to 28 U.S.C. § 1406(a). Given its transfer determination, the Court need only examine the standard under Rule 12(b)(3), not 12(b)(6).

## II.     Legal Standard

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d. 274, 276–77 (D.D.C. 2002)). Given that it is a plaintiff's obligation to bring the action in an appropriate district, she "usually bears the burden of establishing that venue is proper." Ellis-Smith v. Secretary of Army, 793 F. Supp. 2d 173, 175 (D.D.C. 2011) (internal quotation marks and citation omitted); 14D Charles Alan Wright et al., Federal Practice & Procedure § 3826 (4th ed. 2018) ("[W]hen the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue."). "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record to determine whether" venue is proper. Braun v. U.S. Dep't of the Interior, 288 F. Supp. 3d 293, 298 (D.D.C. 2018) (internal quotation marks and citation omitted). To prevail on a motion to dismiss, a "defendant must present facts that will defeat the plaintiff's assertion of venue." Ellis-Smith, 793 F. Supp. 2d at 175.

Venue in Title VII cases is governed by statute. Such action may properly be brought in

(1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Only if venue is not found under these three prongs is Title VII's fourth, residual prong triggered to find venue in (4) "the judicial district in which the respondent has his principal office." Id. Where a plaintiff brings suit in a jurisdiction that does not satisfy any of the four prongs listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. Buesgens v. Coates, 435 F. Supp. 2d 1, 3 (D.D.C. 2006).

In such an event, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

### III. Analysis

The Court first explains why venue does not lie here and then addresses whether it should transfer or dismiss the case. As Plaintiff now concedes that the Eastern District of Virginia is the appropriate venue for this dispute, see ECF No. 8 (Opp.) at 6, the former analysis is brief.

    A. Venue

There is little doubt that venue cannot be found under the first three prongs of 42 U.S.C. § 2000e-5(f)(3). As to prong one, Beckford at no point asserts that the purported unlawful action occurred in the District of Columbia. The hostile work environment she describes took place solely within the confines of BAACH in South Korea. See Compl., ¶ 1. As to the next prong, Beckford does not posit that any relevant employment records are maintained and administered

3

in the District of Columbia. Finally, Plaintiff does not suggest that, but for the alleged unlawful employment practice, she would have worked in the District of Columbia.

As none of the first three prongs applies, the Court turns to the fourth – namely, the district in which Defendant has his principal office. See 42 U.S.C. § 2000e-5(f)(3) (permitting venue "within the judicial district in which the respondent has his principal office" only when the defendant cannot be found in the other three statutorily proscribed venues); see also Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102–03 (D.C. Cir. 1969) ("Only where the putative employer cannot be brought before the court in one of th[e] districts [found under prongs one through three] may the action be filed in the judicial district in which he has 'his principal office.'").

Although one might logically think that the Army's principal office sits in Washington, that is not the case. As this Court and others in this district have noted, that office is located at the Pentagon in Arlington, Virginia. E.g., Ellis-Smith, 793 F. Supp. 2d. at 177 ("The Secretary of the Army's principal office is located in the Pentagon in Arlington, Virginia."); Saran v. Harvey, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) (holding that, because Secretary of Army's principal office is at Pentagon, "venue is not in the District of Columbia for plaintiff's Title VII claim, but instead lies in the Eastern District of Virginia"); Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94–95 (D.D.C. 1983) (holding similarly). As Beckford now acknowledges, the Eastern District of Virginia is the proper venue to hear her claims.

B. Transfer

That does not resolve this Motion, however, as the Government asks that the case be dismissed and not transferred. See ECF No. 6 (MTD) at 7. Such decision "rests within the sound discretion of the district court," Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789

4

(D.C. Cir. 1983), and depends on "the interest of justice." 28 U.S.C. § 1406(a). Furthermore, the "language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). This Court has further held that "the interest of justice generally requires transfer[] . . . in lieu of dismissal." Ellis-Smith, 793 F. Supp. 2d at 177 (citing Goldlawr, 369 U.S. at 466–67); see also James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) ("Generally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district, rather than dismiss them."). Transfer is typically appropriate when: (a) the running of the applicable statute of limitations would preclude a plaintiff from being heard on the merits, see Sinclair v. Kleindienst, 711 F.2d 291, 294 (D.C. Cir. 1983); (b) a plaintiff made a reasonable mistake in filing in the wrong district, see Donnell, 568 F. Supp. at 95; or (c) substantive issues still remain in dispute. Cf. Laukus v. United States, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (holding that dismissal, rather than transfer, "may be appropriate where there are obvious substantive problems with the plaintiff's claims"). All three justifications are present in this case, which the Court addresses in turn.

First, Plaintiff asserts — and Defendant does not dispute — that her claims would be barred by the running of the applicable statute of limitations should she be forced to refile. See Opp. at 6–7. This bar illustrates the sort of injustice resulting "from dismissal of [a plaintiff's] actions merely because [she] had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Goldlawr, 369 U.S. at 466; see also Sinclair, 711 F.2d at 294 ("Transfer is particularly appropriate where, as here, without a transfer the cause of action would be barred by the running of the applicable statute of limitations."). Both the statutory language and history of Section 1406 show a congressional

purpose to provide an effective remedy for a mistaken plaintiff to have her claims heard on the merits. See Goldlawr, 369 U.S. at 466. In cases where a plaintiff would be constrained by dismissal and a defendant would not be affected, the "standard remedy . . . is to transfer the case to the proper court rather than dismissing it — thus preserving a [plaintiff's] ability to obtain review." Fam v. Bank of Am. NA, 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (quoting Nat'l Wildlife Fed'n v. Browner, 237 F.3d 670, 674 (D.C. Cir. 2001)).

Second, Esper's Washington, D.C., mailing address led to "understandable confusion" regarding the location of the Secretary's principal office, see Opp. at 6 (quoting McQueen v. Harvey, 567 F. Supp. 2d 184, 188 (D.D.C. 2008)), and a "just remedy for the misunderstanding regarding the [D]efendant['s] address[] and principal place[] of business is to transfer the action to the district where it could have been brought." Donnell, 568 F. Supp. at 95.

Finally, Plaintiff contends that, where "significant and substantive legal disputes remain," the Court should be "loathe [*sic*] to dismiss [an] action [on] . . . a . . . procedural issue such as venue." Opp. at 2 (internal citation and quotation marks omitted). Although courts "decline[] to decide the merits of [a] plaintiff's claim when it has already determined that it is an improper venue for adjudicat[ion]," Roman-Salgado v. Holder, 730 F. Supp. 2d 126, 131 (D.D.C. 2010), they often "take a peek at the merits" when deciding whether transfer is in the interest of justice. Fam, 236 F. Supp. 3d at 409–10 (quoting Laukus, 691 F. Supp. 2d at 127) (internal quotation marks omitted). Multiple disputes are present here, including the validity of Beckford's underlying claim and whether she has exhausted her administrative remedies pursuant to the requirements outlined in 29 C.F.R. § 1614.105(a). The Court will not offer any opinion on these questions, which it will leave to the transferee court.

Given that all three of the justifications for transfer are present, the Court concludes that it is in the interest of justice to transfer the case to the Eastern District of Virginia.

## IV. Conclusion

For the reasons set forth above, the Court will grant Defendant's Motion to Transfer under 28 U.S.C. § 1406(a) and send the matter to the Eastern District of Virginia. A separate Order so stating will issue with this Opinion.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 3, 2018